# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **CARLOS SANCHEZ, ID # 4889-10,** | § | |
| **Plaintiff,** | § | |
| vs. | § | No. 3:11-CV-0727-M-BH |
| | § | |
| **I.C.S. COMPANY,** | § | |
| **Defendant.** | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, Plaintiff's claims should be **DISMISSED**.

## I. BACKGROUND

On or about April 8, 2011, Plaintiff filed this suit under 42 U.S.C. § 1983 against I.C.S. Company ("Defendant"). (Compl. (doc. 2) at 4.) He claims he was wearing shoes or "culogs" sold by Defendant on February 28, 2011, when he slipped and fell on a smooth wet slippery floor in an Ellis County Jail tank. (*Id.*; MJQ Ans. 1 (doc. 6).)[1] He fell onto his back and injured his spine. (*Id.*) Plaintiff claims that Defendant's failure to put a label on the shoes warning that they can become slippery on a smooth wet surface led to his injuries. (Compl. at 4; MJQ Ans. 4.) He seeks $1,900,000 for pain and suffering. (Compl. at 4; MJQ Ans. 7.)

## II. PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any

---

[1] Plaintiff's answers to a Magistrate Judge's Questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.  SECTION 1983

Plaintiff sues Defendant under 42 U.S.C. § 1983. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id*. To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

In some circumstances, a private party may be acting "under color of state law" and held liable under § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Plaintiff does not allege that Defendant is a state actor within the meaning of § 1983 or that it has deprived him of any federal right, however. He alleges only that it failed to put a label on its shoes warning that the shoes can become slippery on a wet and smooth

surface. Even assuming that Defendant could be considered a state actor because it sold the shoes to the jail in which Plaintiff was incarcerated, § 1983 liability must be based on constitutional violations, not mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 332-33 (1986). Plaintiff's § 1983 claims against Defendant should be dismissed for failure to state a claim.[2]

## V. JURISDICTION

Plaintiff's claims arising from Defendant's failure to place a warning label on its shoes arise under state law.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000,

---

[2]Plaintiff also alleges that he was not taken to the emergency room for treatment until March 3, 2011, that he was charged for medicine and doctor visits, and that he still can't get an MRI. (MJQ Ans. 1,2.) To the extent that he is seeking to assert a claim for denial of adequate medical care based on these allegations, he has not alleged that Defendant was involved in the denial. He has therefore also not stated a § 1983 claim against Defendant on this basis.

3

exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). As the party seeking to invoke federal jurisdiction in this case, Plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Because he lists a Texas address for both himself and Defendant, he has not met his burden that complete diversity exists between the parties, and his state law claims should be dismissed for lack of subject-matter jurisdiction.

## VI. RECOMMENDATION

Plaintiff's claims under 42 U.S.C. § 1983 should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b)(2) for failure to state a claim upon which relief may be granted. Plaintiff's state law claims should be **DISMISSED** for lack of subject-matter jurisdiction.

**SO RECOMMENDED on this 16th day of May, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE